CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH SUMBRY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:25-cv-00690 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN GILLEY, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Joseph Sumbry, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden Gilley. (*See* ECF No. 1.) This matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules") (made applicable to § 2241 petitions under Rule 1(b)). For the following reasons, Sumbry's petition will be denied.

## I. BACKGROUND

In his petition, Sumbry claims that Executive Order 14206 and an unspecified Supreme Court ruling on August 26, 2025, have declared that "all gun laws are unconstitutional." (ECF No. 1.) He further claims that his charges "must now be vacated,[] dismissed with prejudice,[] and that [he] must now be freed from custody." (*Id.*) Sumbry does not state which court convicted him, the length of his sentence, or the specific charge of conviction, but based on the nature of his challenge, it appears he was convicted for a federal firearm offense under 18 U.S.C. § 922(g). (*See id.*)

The Federal Bureau of Prison's website indicates that Sumbry remains in federal custody. *See* https://www.bop.gov/inmateloc (indicating that Joseph Sumbry # 18291-027 is located at Three Rivers FCI with a release date of February 5, 2030) (last visited Sept. 9, 2026).

## II. ANALYSIS

Rule 4 of the 2254 Rules provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The 2254 Rules are applicable to § 2241 petitions under Rule 1(b).

As noted, Sumbry claims that Executive Order 14206 and an unspecified Supreme Court ruling on August 26, 2025 mandates vacatur of his federal firearm charges. (*See* ECF No. 1.) But Sumbry's reliance on these sources is unavailing.

First, Executive Order 14206 "says nothing about the validity or constitutionality of laws passed by the legislature. Rather, the order directs the Attorney General to evaluate the regulations and activities of *executive agencies* and to develop a plan of action to ensure that the policies and procedures of these agencies did not infringe the Second Amendment." *Weaver v. Gilley*, No. 7:25-cv-00622, 2026 WL 1284889, at *1 (W.D. Va. May 11, 2026) (citing Exec. Order No. 14206, § 2, 90 Fed. Reg. 9503 (Feb. 7, 2025)) (emphasis in original). Indeed, the plain text of the order states that it "does not[] create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States . . . or any other person." Exec. Order No. 14206, § 4(c). "Because the [o]rder creates no private right of action, [Sumbry] cannot rely on [it] to challenge his conviction." *Weaver*, 2026 WL 1284889, at *2 (citing *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1338 (4th Cir. 1995)).

Second, as another court in this district has noted, "no [Supreme Court] order was

entered on August 26, 2026[,]" and "[n]o opinion or order discussing [the] constitutionality of gun laws was entered in the entire month of August 2025." *Weaver*, 2026 WL 1284889, at *2. And apart from an unspecified "Supreme Court ruling" issued August 26, 2025, Sumbry does not identify any Supreme Court authority entitling him to relief. (*See* ECF No. 1.) Accordingly, because it plainly appears that Sumbry is not entitled to his requested relief, his petition will be denied.

## III. CONCLUSION

For the reasons set forth above, Sumbry's § 2241 petition will be denied. And because Sumbry has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), or that the court's procedural rulings are debatable among reasonable jurists, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the court declines to issue a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Sumbry.

**ENTERED** this 14th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE